**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| JOHN J. REILLY and ANNE H. REILLY, | ) | Case No. 23-11753 |
| | ) | |
| Debtors. | ) | Hon. Deborah L. Thorne |
| | ) | |
| | ) | |

## NOTICE OF MOTION

**TO:**   See attached list

PLEASE TAKE NOTICE that on **March 19, 2024, at 1:00 p.m.** I will appear before the Honorable Deborah L. Thorne, or any judge sitting in that judge's place, **either** in courtroom 682, in the Everett McKinley Dirksen United States Courthouse at 219 South Dearborn Street, Chicago, Illinois, or electronically as described below, and present the **TRUSTEE'S MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF ENCUMBRANCES WITH ENCUMBRANCES TO ATTACH TO PROCEEDS AND TO SHORTEN NOTICE (the "Motion")**, a copy of which is attached.

**Important:  Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government.  All others must appear in person.**

**To appear by Zoom using the internet**, go to this link:  https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666.  Then enter the meeting ID and passcode.

**Meeting ID and passcode**.  The meeting ID for this hearing is 160 9362 1728. There is no passcode.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date.  If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

| | |
|---|---|
| Dated:  March 12, 2025 | Richard J. Mason, Chapter 7 Trustee of the Bankruptcy Estate of Orchard Electric, Inc. |
| | |
| | By: /s/ Michael M. Schmahl            |
| |     Michael M. Schmahl |

1

Michael M. Schmahl
MASON POLLICK & SCHMAHL LLC
77 W. Wacker, Suite 4500
Chicago, Illinois 60601
(312) 312-5531
mschmahl@mps-law.com
*Counsel to the Trustee*

## CERTIFICATE OF SERVICE

I, Michael M. Schmahl, an attorney, certify that on March 12, 2025, I caused complete copies of the foregoing **Notice of Motion** and the **Motion,** to be electronically served upon all registered CM/ECF users through the Court's ECF system and via first class mail or email on the parties indicated to have been served in such fashion in the service list below.


/s/ Michael M. Schmahl


## SERVICE LIST

Jeffrey Strange
jstrangelaw@aol.com, jeffreystrangeattorney@gmail.com, rradjenovich@gmail.com
*Counsel for the Debtor; Via ECF*

Adam Brief
USTPRegion11.ES.ECF@usdoj.gov, suhey.ramirez@usdoj.gov
*U.S. Trustee*; *Via ECF*

William J. Factor
wfactor@wfactorlaw.com
*Counsel to Steve Goldsher; Via ECF*

Sean P. Williams
swilliams@lplegal.com
*Counsel to Charles Barkley; Via ECF*

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| JOHN J. REILLY and ANNE H. REILLY, | ) | Case No. 23-11753 |
| | ) | |
| Debtors. | ) | Hon. Deborah L. Thorne |
| | ) | |
| | ) | |

**TRUSTEE'S MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF ENCUMBRANCES WITH ENCUMBRANCES TO ATTACH TO PROCEEDS AND TO SHORTEN NOTICE**

Richard J. Mason ("Trustee") not individually, but solely as trustee of the chapter 7 bankruptcy estates of John J. Reilly ("John") and Anne H. Reilly ("Anne" and, collectively with John, the "Debtors"), in the above-captioned bankruptcy case (the "Bankruptcy Case"), respectfully requests that the Court enter an order that: (i) authorizes and approves the sale of the residential real property commonly known as 1350 Buttonwood Lane, Glenview, Illinois (the "Glenview Residence") to Jonathan Meyer ("Meyer") pursuant to a contract (the "Sale Contract"), a true and correct copy of which is attached hereto as Exhibit 1, for $850,000.00; (ii) provides that the sale of the Glenview Residence, free and clear of liens, claims and encumbrances, with encumbrances to attach to proceeds pursuant to Section 363(f) of the Bankruptcy Code; (iii) directs the Trustee to hold the proceeds of the sale pending further order of the Court; (iv) finds that Meyer is a "good faith purchaser" within the meaning of Section 363(m) of the Bankruptcy Code; (v) waives the 14-day stay under Federal Rule of Bankruptcy Procedure 6004(h); and (vi) approves the notice to creditors, a copy of which is attached hereto as Exhibit 2 (the "Notice"), and in support

2

of the Motion, respectfully states as follows,:

**Jurisdiction and Venue**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334 (a), (b) and (e)(1).

2. This Motion is a core proceeding under 28 U.S.C. § 157 (b)(2)(A), (N), and (O).

3. Venue is proper before this Court under 28 U.S.C. § 1409.

**Background**

4. On or about September 5, 2023 (the "Petition Date"), the Debtors, as husband and wife, filed a voluntary joint petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

5. John is a former commercial banker and business entrepreneur in the printing industry, and Anne is a profess\or at a local university.  The Debtors filed their bankruptcy due primarily to debts they incurred in connection with John's failed printing business.

6. Richard J. Mason was subsequently appointed as the Trustee and continues to serve as the duly appointed trustee of the Debtor's Estate.

The Glenview Residence, Barkley Judgment Lien, and Barkley Settlement

7. In or about 2000, Anne created a revocable trust titled the Anne H Reilly Year 2000 Revocable Trust dated May 1, 2000 (the "Trust"), which owns the Glenview Residence.

8. Though the Debtors have since moved, the Debtors lived in the Glenview Residence on the Petition Date.

9. Charles Barkley ("Barkley"), a creditor of the Debtors, claims a first priority secured lien on the Glenview Residence through the filing of a certain Memorandum of Judgment (the "Barkley Judgment Lien") against the Glenview Residence.

3

10. The Trustee disputes the validity of the Barkley Judgment Lien under both applicable Illinois law and Section 544 of the Bankruptcy Code.

11. On or about August 14, 2024, the Court entered an order (the "9019 Order") **[Docket No. 112]** authorizing and approving an agreement (the "Barkley Settlement") between the Trustee and Barkely that, among other things, Barkley consented to the Trustee selling the Glenview Residence free and clear of the Barkley Judgment Lien provided that such lien attaches to the proceeds for the sale of the Glenview Residence.

12. Additionally, the Barkley Settlement provides that, pending a resolution of the disputes between the Trustee and Barkley related to the sale proceeds, the Trustee may pay all costs and expenses associated with the sale of the Glenview Residence ("Sale Expenses") out of the gross proceeds of the sale (the "Sale Proceeds"). Sale Expenses shall include prorations, taxes, broker commissions/fees, title costs, related attorneys' fees, recording fees, and escrow closing costs. The Trustee shall be entitled to attorneys' fees related to the sale of the Glenview Residence, subject to approval by the Court, up to a maximum of $12,500.00, which amounts shall be deducted from the Sale Proceeds. After deductions for costs and attorneys' fees, the Trustee shall deposit the remaining Sale Proceeds in a non-interest-bearing account associated with the Trustee, which shall not be distributed to any party absent the entry of a Final Order[1] of the Court or agreement of the parties. For the avoidance of doubt, neither the Trustee nor Barkley waives any rights, claims, or interest with respect to the Glenview Residence, the Judgment Lien, or the Sale Proceeds, all of which rights remain reserved.

---

[1] For purposes of the Barkley Settlement, the term "Final Order" is defined to mean: any final order or judgment of the Court or any final order or judgment of any appellate court after the time for appeal, petition for certiorari, reargument or rehearing has expired.

4

13.     On or about August 21, 2024, the Court entered an order (the "Sale Procedure Order") [**Docket No. 113**] that, among other things, authorized the Trustee to engage a broker and list the Glenview Residence for sale.  The Sale Procedure Order also reduced notice of any motion seeking the approval of a contract for the sale of the Glenview Residence, including this Motion, to seven days.

14.     On or about December 4, 2024, the Court entered an order (the "Property Related Expense Order") [**Docket No. 115**] that, among other things, authorizes both: (i) the Debtors to pay certain expenses (the "Operating Expenses") related to the Glenview Residence and, subject to certain conditions provided for in the Property Related Expense Order, to be reimbursed by the Trustee from the proceeds of the sale of the Glenview Residence; and (ii) Barkley to pay certain previously unpaid real estate taxes (the "Financed Real Estate Taxes") related to the Glenview Residence and to be compensated, subject to certain conditions provided for in the Property Expense Order, by the Trustee from the proceeds of the sale of the Glenview Residence.

## Relief Requested

15.     Through this Motion, the Trustee seeks the entry of an order of the Court that (i) authorizes and approves the sale of the Glenview Residence to Meyer for $850,000 pursuant to the Sale Contract, including the provision of certain buyer credits and payment of certain Sale Expenses as are customary at closing as provided for in the Sale Contract; (ii) provides that the sale of the Glenview Residence, free and clear of liens, claims and encumbrances, including the Barkley Judgment Lien, with such liens, claims and encumbrances to attach to proceeds pursuant to Section 363(f) of the Bankruptcy Code; (iii) directs the Trustee to hold the proceeds of the sale pending further order of the Court; (iv) finds that Meyer is a "good faith purchaser" within the meaning of Section 363(m) of the Bankruptcy Code; (v) waives the 14-day stay under Federal

5

Rule of Bankruptcy Procedure 6004(h); and (vi) approves the Notice, a copy of which is attached hereto as Exhibit 2.

16. Pursuant to the Barkley Settlement, the Trustee is entitled to have his attorneys' fees related to the sale of the Glenview Residence, subject to certain maximum amounts, paid from the Sale Proceeds. Additionally, subject to certain conditions in the Property Related Expense Order, the Debtors are expected to be reimbursed for certain Operating Expenses out of the Sale Proceeds, and Barkley is expected to be paid for financing the Financed Real Estate Taxes out of the Sale Proceeds. The facts related to these expenses are not currently fully known and some of these expenses are still being accrued. Therefore, these items are not the subject of this Motion, and the Trustee expects to file one or more additional applications and/or motions to address these expenses in the future.

17. The Sale Contract, a copy of which is attached as Exhibit 1, is subject to the Court's authorization and approval and generally provides for the sale of the Glenview Residence[2]:

    (a) for a purchase price of $850,000, subject to certain buyer's credits at closing as provided for in the Sale Contract;

    (b) on an "As/Is" basis;

    (c) without any attorney review, inspection, closing of the sale of another property, mortgage or other financing related contingencies;

    (d) with certain credits to Meyer at closing, including a closing credit of $6,000 and for real estate taxes as prorated through the date of closing;

---

[2] The description of the Sale Contract and the terms thereof provided for in this Motion are intended to be summaries of such provisions and not a complete recitation of either those terms or all of the terms of the Sale Contract. Any discrepancy, conflict, or disagreement between the descriptions of the Sale Contract, or any of its terms, contained in this Motion and the Sale Contract itself is unintended. Nonetheless, the Sale Contract itself will govern the sale of the Glenview Property. As such, parties should review the Sale Contract in its entirety for a complete understanding of its terms.

(e) payment of commissions totaling 5% to the brokers for the Trustee and Meyer at closing from the proceeds of the sale; and

(f) closing on April 17, 2025, or such other date as the parties may agree.

18. Additionally, Meyer has posted earnest money and the Sale Contract requires the Trustee to provide Meyer with title insurance, the cost of which will be paid from the proceeds of the sale as a closing cost at closing, and a deed for the Glenview Residence.

19. The Glenview Residence has been listed for sale on the multiple listing service a/k/a the "MLS" and otherwise marketed for sale since at least August 2024. The Trustee's broker has conducted open houses and shown the Glenview Residence to several potential buyers, including Meyer.

20. Through his marketing efforts, the Trustee has received a handful of offers, including Meyer's offer as reflected in the Sale Contract. Excluding Meyer's offer, all of the other offers included purchase prices that were at least $50,000 lower than Meyer's offer in the Sale Contract and some including contingencies or other contract terms that made closing less certain and/or the offers less attractive than Meyer's offer.

21. The Trustee's broker has advised the Trustee that the purchase price in the offer in the Sale Contract reflects the current market value of the Glenview Residence. Additionally, after consultation with certain of the Debtors' creditors, including, without limitation, Barkley, and the Debtors, the Trustee believes that the Sale Contract falls within the range of potential sale prices that they would support.

22. As such, the Trustee has determined in an exercise of his business judgment that the sale of the Glenview Residence pursuant to the Sale Contract is in the best interests of creditors and the Debtors' estate.

23. Section 363 of the Bankruptcy Code authorizes the Trustee "after notice and a hearing . . . to use, sell, or lease other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

24. For the reasons described above, the Trustee believes that the proposed sale is in the best interest of this Estate. *See Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991), *citing In re Continental Air Lines*, 780 F.2d 1223, 1226 (5th Cir. 1986) ("Under Section 363, the debtor in possession can sell property of the estate outside the ordinary course of business if: he has an "articulated business justification."); *see also Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983) (endorsing the "sound business justification" standard); *Institutional Creditors of Continental Airlines, Inc. v. Continental Airlines, Inc. (In re Continental Airlines, Inc.)*, 780 F.2d 1223, 1226 (5th Cir. 1986) (same); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 389-390 (6th Cir. 1986) (same); *In re Telesphere Communications, Inc.*, 179 B.R. 544, 552 (Bankr. N.D. Ill. 1994) (Judge Wedoff) *citing Schipper*, 933 F.2d at 515 ("Where an objection is made, the standard to be applied by the court in approving a disposition of assets is variously stated, but the general thrust is that the proposed sale should be in the best interest of the estate."); see also *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984) (holding that the Trustee is "simply required to justify the proposed disposition with sound business reasons."

<u>Sale Free and Clear of Liens, Claims and Encumbrances with Encumbrance to Attach to Proceeds</u>

25. Section 363(f) provides in relevant part that:

The trustee may sell property under subsection (b) or (c) of this section free and

8

clear of any interest in such property of an entity other than the estate only if—

…

(2) such entity consents;

…

(4) such interest is in bona fide dispute . . . .

11 U.S.C. § 363(f)

26. Pursuant to the Barkley Settlement, Barkley has consented to the sale of the Glenview Residence free and clear of the Barkley Judgment Lien. In the event that Barkley objects to the proposed sale to Meyer pursuant to the Sale Contract, the Trustee also disputes the Barkley Judgment Lien under both applicable Illinois law and Section 544 of the Bankruptcy Code.

27. The Court need not resolve any dispute related to the Barkley Judgment Lien at this time, however, any lien, security interest, encumbrance or claim that Barkley may assert in the Glenview Residence is subject to a bona fide dispute and the Glenview Residence may be sold free and clear of any such lien or interest under Section 363(f)(4). *See In re Octagon Roofing*, 123 B.R. 583, 590 (Bankr. N. D. Ill. 1991) (applying the standard for a "bona fide dispute" under Section 303 to a sale free and clear under Section 363(f)(4) and holding that a court need only determine that there is an objective basis for either a factual or legal dispute and that a court "need not determine the probable outcome of the dispute, but merely whether one exists.").

28. Provided that the Sale Contract is approved by the Court and the proposed sale closes, the Trustee proposes to deposit and hold the proceeds of the sale in a bank account with the Barkley Judgment Lien to attach to the sale proceeds net of closing costs and credits and such other expenses and amounts as contemplated in the Barkley Settlement, the Sale Procedure Order

and the Property Related Expense Order.

29. Further, the Glenview Residence was publicly marketed and actively shown to potential buyers for a period of approximately six months. Meyer's offer was the highest and best offer as determined by the Trustee received by the Trustee, there is no connection between the Meyer and the Trustee, and the Sale Contract is the product of good faith, arm's length negotiations. Therefore, the Trustee requests that the Court find that Meyer is a "good faith" purchaser within the meaning of Section 363(m).

30. Finally, although the Sale Contract does not have a financing contingency, it permits Meyer to finance the purchase of the Glenview Residence with mortgage financing. Additionally, the Sale Contract obligates the Trustee to apply for and obtain a title commitment to be delivered to Meyer at closing and provides that Meyer may obtain a survey of the Glenview Residence. Therefore, Trustee requests that Court waive the two-week stay generally provided in Rule 6004(h) so that the parties can take such actions and otherwise prepare for closing the sale confident that the Sale Contract is final and binding.

**Notice and Request to Approve Form Notice**

31. In the Sale Procedure Order, the Court shortened the required notice for this Motion to seven days.

32. The Trustee has provided a copy of this Motion along with the related Notice of Motion and all exhibits to the U.S. Trustee and all of the parties who have entered an appearance in this bankruptcy case as well as various parties in interest listed in the Certificate of Service attached to the Notice of Motion at least 7 days prior to the hearing on this Motion.

33. Additionally, the Trustee has sent a copy of the Notice attached hereto as Exhibit 2 to each of the Debtors' creditors who filed proofs of claim at least 7 days prior to the hearing on

this Motion by first class mail, postage pre-paid and will make a copy of the Motion available to any creditor who contacts the Trustee's counsel and requests a copy of the Motion. The Trustee further requests that the Court approve the form of the Notice. The Trustee will file a supplemental certificate of service related to the Creditor Notice prior to the hearing on this Motion.

WHEREFORE, the Trustee respectfully request that this Court enter an order:

(i)     granting this Motion;

(ii)    approving the form of the Notice;

(iii)   approving the Sale Contract and the sale of the Glenview Residence pursuant to the Sale Contract;

(iv)    authorizing the Trustee to enter into and to perform his obligations under the Sale Contract;

(v)     provide that the sale of the Glenview Residence is free and clear of the Barkley Judgment Lien and any other liens, claims and encumbrances with the Barkley Judgment Lien and any such liens, claims and encumbrances attaching to the net proceeds of any such sale after deduction for closing costs and credits provided for in the Sale Contract and otherwise customary in real estate sales such as the contemplated sale of the Glenview Residence and such other expenses or amounts as provided for in the Barkley Settlement, the Property Related Expense Order and further order of the Court;

(vi)    requiring the Trustee to hold the proceeds in a non-interest bearing account with any distributions made pursuant to future order of the Court;

(vii)   finding that Meyer has purchased the Glenview Residence in good faith within the meaning of Section 363(m) of the Bankruptcy Code;

(viii)  waiving the 14-day stay under Rule 6004(h); and

11

 (ix) granting such other and further relief as this Court deems just or appropriate.

| | |
|---|---|
| Dated: March 12, 2025 | /s/ Michael M. Schmahl |
| | Michael M. Schmahl |
| | Mason Pollick & Schmahl LLC |
| | 77 W. Wacker, Suite 4500 |
| | Chicago, IL 60601 |
| | (312) 312-5531 |
| | mschmahl@mps-law.com |
| | *Counsel to the Trustee* |